Connell SPAIN, Plaintiff–Appellant,

v.

**NATIONAL UNION FIRE INSURANCE COMPANY, Defendant–Appellee.**

No. 90–1145
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 23, 1990.

---

Connell Spain, Sr., Fort Worth, Tex., plaintiff-appellant, pro se.

Michael W. Minton, Camp, Jones, O'Neill, Hall & Bates, Fort Worth, Tex., for defendant-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Connell Spain, proceeding *pro se*, appeals from an order nunc pro tunc granting the motions of National Union Fire Insurance Company ("NUFIC") to dismiss for lack of subject matter jurisdiction, and for sanctions under Rule 11, Fed.R.Civ.P. We dismiss this appeal as being "frivolous and entirely without merit" in accordance with Local Rule 42.2.[1]

I.

Spain, who claims to have a legal education, brought this suit in the United States District Court for the Northern District of Texas against NUFIC. He proffered a claim under the Longshoremen and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (1988) for injuries arising out of an incident alleged to have occurred on November 17, 1984, when a metal valve is purported to have fallen on his foot.

In its patient and plainly understandable memorandum opinion of January 16, 1990, the district court made abundantly clear to Spain the reasons that the court lacked subject matter jurisdiction. That opinion also reminded Spain that he had previously exhausted his legal remedies in the state and federal courts of Virginia; that this is not the first time Spain has attempted to pursue this very same claim in an improper forum (including three separate occasions in the state courts of Virginia and once in United States District Court for the Eastern District of Virginia), as well as through proper channels as required by the subject Act; and that the matter is res judicata. Finally, the district court concluded that, in light of Spain's prior knowledge and education, this suit could have been filed for no purpose other than harassment, and subjected Spain to sanctions under Rule 11, Fed.R.Civ.P., requiring him to pay $5,080.00 to NUFIC as reasonable attorneys' fees. The memorandum opinion of the district court ended with the following statement:

> It is the opinion of this court that plaintiff's claims arising from the alleged injury he received on November 17, 1984, have been properly and completely adjudicated, short of a final appeal to the United States Court of Appeals for the Fourth Circuit. Therefore, this court shall entertain no further pleadings arising in any way from the alleged injuries plaintiff received on November 17, 1984.

---

1. "Loc.R. 42.2 *Frivolous and Unmeritorious Appeals.* If upon hearing of any interlocutory motion or as a result of a review under Loc.R. 34, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed."

An Order in conformance with this opinion shall be entered on this same date.

## II.

 On the basis of the record of this case the district court's determinations that it lacked subject matter jurisdiction and that Spain's claims are res judicata are beyond question. Our review of the district court's Rule 11 determination leaves even less question of its propriety. In keeping with this court's pronouncements in *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866 (5th Cir.1988) (en banc), and those of the Supreme Court in *Cooter & Gell v. Hartmarx Corp.*, — U.S. —, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), *aff'g in part and rev'g* in part 875 F.2d 890 (D.C. Cir.1989), we sought abuse of discretion by the district court but found none whatsoever.

In light of the allegations of Spain's own Complaint in the district court, the history of his litigation arising from the alleged accident, and the explanations and admonishments contained in the district court's memorandum opinion, this court would be hard pressed to confect a hypothetical situation in which an appeal would be more frivolous or less meritorious. The instant appeal is dismissed and Spain hereby notified that, like the district court, this court will entertain no further filings in any way connected with Spain's alleged injury of November 17, 1984, or with any litigation arising from that incident.

APPEAL DISMISSED.